UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ANTONIO T. FLOWERS,

        Plaintiff,

v.

                                     Case No. 3:25-cv-108-MMH-LLL

SERGEANT D. KELLY, et al.,

        Defendant.

_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, Antonio T. Flowers, initiated this action by filing a pro se Complaint for Violation of Civil Rights under 42 U.S.C. § 1983. (Doc. 1; Complaint.)[1] He also moves to proceed in forma pauperis (Doc. 2; IFP). Flowers names five Florida Department of Corrections (FDOC) employees as Defendants: (1) Sergeant D. Kelly; (2) Sergeant Williams; (3) Officer Reyes; (4) Officer Outes; and (5) Warden Swain. Complaint at 1–3, 13, 18.

Flowers alleges that he was "in business" with Kelly, who would pay him to bring drugs into the prison, but that they had an argument about a deal. Id. at 17. He asserts that Kelly is a member of the "Cut Throat" gang, and following the argument, Kelly told her boyfriend, who is the leader of that

---

[1] For all pleadings and documents filed in this case, the Court cites to the document and page numbers as assigned by the Court's Electronic Case Filing System.

gang, to "stab and kill" Flowers. Id. Flowers asserts that Kelly's boyfriend started approaching Flowers while pulling out a knife. Id. According to Flowers, Williams, Reyes, and Outes "came walking up and saw everything." Id. However, Flowers asserts that Kelly told her boyfriend to "put up the knife and go back into his dorm," and no assault occurred. Id. Flowers suggests he then requested protection and, while in protection, he "found out" there was "a $500.00 hit out on him." Id.

Flowers contends Kelly violated his Eighth Amendment rights by "attempting to hire another inmate to assault and try to kill" him. Id. at 14. He avers that Williams, Reyes, and Outes violated his Eighth Amendment rights by failing to help him when the other inmate was going to assault him and failing to "lock[] up" that inmate. Id. Lastly, Flowers asserts Warden Swain violated his Eighth and Fourteenth Amendment rights by "fail[ing] to ensure that his officers and staff were properly trained." Id.

The Prison Litigation Reform Act (PLRA) requires the Court to dismiss this case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B); 1915A. "A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing Battle v. Cent. State Hosp., 898 F.2d 126, 129 (11th Cir. 1990)). A

complaint filed in forma pauperis which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Section 1915(e)(2)(B)(i) dismissals should only be ordered when the legal theories are "indisputably meritless," id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). "Frivolous claims include claims 'describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" Bilal, 251 F.3d at 1349 (quoting Neitzke, 490 U.S. at 328). Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. Id. As to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, and therefore courts apply the same standard in both contexts.[2] Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of

---

[2] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

state law. <u>Salvato v. Miley</u>, 790 F.3d 1286, 1295 (11th Cir. 2015); <u>Bingham v. Thomas</u>, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam); <u>Richardson v. Johnson</u>, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam). Moreover, under Eleventh Circuit precedent, to prevail in a § 1983 action, a plaintiff must show "an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation." <u>Zatler v. Wainwright</u>, 802 F.2d 397, 401 (11th Cir. 1986) (citation omitted); <u>Porter v. White</u>, 483 F.3d 1294, 1306 n.10 (11th Cir. 2007).

Under the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. (8)(a)(2). In addition, all reasonable inferences should be drawn in favor of the plaintiff. <u>See</u> <u>Randall v. Scott</u>, 610 F.3d 701, 705 (11th Cir. 2010). Nonetheless, the plaintiff still must meet some minimal pleading requirements. <u>Jackson v. BellSouth Telecomms.</u>, 372 F.3d 1250, 1262–63 (11th Cir. 2004). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" <u>Erickson v. Pardus</u>, 551 U.S. 89, 93 (2007) (per curiam) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." <u>Twombly</u>, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). While not required to include detailed factual allegations, a complaint must allege "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." <u>Id.</u>

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" <u>Twombly</u>, 550 U.S. at 555 (internal quotations omitted); <u>see also</u> <u>Jackson</u>, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal" (original alteration omitted)). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]" which simply "are not entitled to [an] assumption of truth." <u>Iqbal</u>, 556 U.S. at 678, 680. In the absence of well-pled facts suggesting a federal constitutional deprivation or violation of a federal right, a plaintiff cannot sustain a cause of action against the defendant.

In assessing the Complaint, the Court must read Flowers's pro se allegations in a liberal fashion. <u>Haines v. Kerner</u>, 404 U.S. 519 (1972). And, while "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," <u>Tannenbaum v. United States</u>, 148 F.3d 1262, 1263 (11th Cir. 1998), "'this leniency does not

give the court a license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action.'" <u>Campbell v. Air Jamaica Ltd.</u>, 760 F.3d 1165, 1168–69 (11th Cir. 2014) (quoting <u>GJR Invs., Inc. v. Cnty. of Escambia</u>, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), <u>overruled in part on other grounds as recognized in</u> <u>Randall</u>, 610 F.3d at 709).

Liberally read, Flowers's Complaint fails to state a plausible § 1983 claim under the Eighth Amendment. The Eighth Amendment prohibits conditions of confinement that "involve the wanton or unnecessary infliction of pain." <u>Rhodes v. Chapman</u>, 452 U.S. 337, 347 (1981). It further requires prison officials to "take reasonable measures to guarantee the safety of the inmates." <u>Farmer v. Brennan</u>, 511 U.S. 825, 832 (1994). It is "[a] prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate [that] violates the Eighth Amendment." <u>Id.</u> at 828 (citations omitted). The deliberate indifference standard requires the plaintiff to demonstrate that the prison official "was subjectively aware" of a risk of harm; mere negligence is insufficient. <u>Id.</u> at 829, 835-36. The Eleventh Circuit has explained the requirement of deliberate indifference to a substantial risk of harm as follows:

> To succeed on a failure-to-protect claim, a plaintiff must satisfy three elements. First, the plaintiff must show that [he] was "incarcerated under conditions posing a substantial risk of serious harm." <u>Id.</u> at 834, 114 S.Ct. 1970.[3] Second, the plaintiff must show that the "prison official [had] a sufficiently culpable state of mind," amounting to "deliberate indifference." <u>Id.</u>

(internal quotation marks omitted). Third, and finally, the plaintiff must demonstrate causation—that the constitutional violation caused [his] injuries. <u>Caldwell v. Warden, FCI Talladega</u>, 748 F.3d 1090, 1099 (11th Cir. 2014). . . .

. . . .

Deliberate indifference exists when a prison official "knows of and disregards an excessive risk to inmate health or safety." <u>Farmer</u>, 511 U.S. at 837, 114 S.Ct. 1970. "Deliberate indifference has two components: one subjective and one objective." <u>Mosley v. Zachery</u>, 966 F.3d 1265, 1270 (11th Cir. 2020) (internal quotation marks omitted). A prisoner must establish "both that [1] the defendant actually (subjectively) knew that [the prisoner] faced a substantial risk of serious harm and that [2] the defendant disregarded that known risk by failing to respond to it in an (objectively) reasonable manner." <u>Id.</u> (alterations adopted) (internal quotation marks omitted).

<u>Cox v. Nobles</u>, 15 F.4th 1350, 1357-58 (11th Cir. 2021), <u>cert. denied</u>, 142 S. Ct. 1178 (2022).

Here, Flowers alleges Defendant Kelly subjected him to cruel and unusual punishment by orchestrating an attack against him. However, Flowers fails to state a claim because no assault occurred and thus Kelly's actions did not "involve the wanton or unnecessary infliction of pain." Unfulfilled threats and verbal abuse are insufficient to state a claim under the Eighth Amendment. <u>See</u> <u>Hernandez v. Fla. Dep't of Corr.</u>, 281 F. App'x 862, 866 (11th Cir. 2008) ("[Petitioner's] allegations of verbal abuse and threats by the prison officers did not state a claim because the defendants never carried

7

out these threats and verbal abuse alone is insufficient to state a constitutional claim.").[3] Flowers similarly fails to state a claim as to Defendants Williams, Reyes, and/or Outes for failure to protect as Flowers's assertions do not support a plausible inference that those Defendants were "subjectively aware" of any risk of harm or that any of them had "a sufficiently culpable state of mind." His conclusory allegation that these Defendants "saw everything" is insufficient. And, even if the Defendants were both objectively and subjectively aware of a substantial risk of serious harm to Flowers, by his own allegation, the potential attack was called off and he was not assaulted. Instead, following the potential assault, Flowers states he was placed in protective status. His allegations simply fail to state a deliberate indifference claim.

Further, with regard to Defendants Williams, Reyes, and Outes, the only relief Flowers seeks is for the court to order FDOC to discipline them or terminate their employment. Complaint at 16. Courts generally will not interfere with matters of prison or jail administration. See Bell v. Wolfish, 441 U.S. 520, 547–48 (1979) ("[T]he operation of our correctional facilities is peculiarly the province of the Legislative and Executive Branches . . . not the

---

[3] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

Judicial."). Indeed, federal courts do not have the power to order officials to take certain disciplinary actions against their employees. See LaMarca v. Turner, 995 F.2d 1526, 1543 (11th Cir. 1993) (holding that a court's requirement of a state official to discipline its correctional officers was an "inappropriate use of the court's equity powers."); see also Newman v. Alabama, 559 F.2d 283, 288 (5th Cir. 1977) ("We all understand, of course, that federal courts have no authority to address state officials out of office or to fire state employees or to take over the performance of their functions."), rev'd in part on other grounds by Alabama v. Pugh, 438 U.S. 781 (1978). As Flowers is not entitled to the requested relief, the claims against Defendants Williams, Reyes, and Outes are due to be dismissed on that basis as well.

Similarly, Flowers is not entitled to the relief he seeks against Defendant Kelly. Specifically, as to Kelly, Flowers requests: (1) an FDOC investigation into Kelly and Columbia Correctional Institution; (2) the criminal prosecution of Kelly for his actions; and (3) monetary relief in the form of compensatory and punitive damages. Complaint at 16. As stated above, the Court has no jurisdiction to interfere with prison administration or order FDOC to take any actions regarding its employees and thus cannot order such an investigation into Kelly. See LaMarca, 995 F.2d at 1543; Newman, 559 F.2d at 288. As to Flowers's request that Kelly be criminally prosecuted, neither the Court nor Flowers can initiate criminal charges against a person. Indeed, "a private

citizen has no judicially cognizable interest in the prosecution or non-prosecution of another." Otero v. U.S. Atty. Gen., 832 F.2d 141, 141 (11th Cir. 1987) (citing Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973)). Moreover, even if Flowers plausibly stated a claim against Kelly, he would be barred under the PLRA given that he suffered no physical injury. See 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act."). While the PLRA does not bar a plaintiff from seeking nominal damages, he must make such a request. Flowers only seeks monetary relief against Kelly in the form of compensatory and punitive damages. Complaint at 16. Even under a liberal interpretation, Plaintiff's request for relief cannot be construed as one for nominal damages. See, e.g., Honors v. Judd, No. 8:10-cv-22-T-33AEP, 2011 WL 3498287, at *6 (M.D. Fla. Aug. 10, 2011) (finding the plaintiff's request for only punitive and compensatory damages could not be considered a request for nominal damages under the PLRA); Williams v. Langford, No. 2:13-cv-315-FtM-38CM, 2015 WL 163226, at *7 (M.D. Fla. Jan. 12, 2015) (citing Carey v. Piphus, 435 U.S. 247, 266-67 (1978)) (finding a request for $250,000 could not be liberally construed as a request for nominal damages, which generally do not exceed one dollar). Additionally, Plaintiff does not include a request for "other relief" or similarly

10

inclusive language that could be liberally construed as a request for nominal damages. Cf. Smith v. Barrow, No. CV 311-044, 2012 WL 6519541, at *5 (S.D. Ga. Nov. 9, 2012), report and recommendation adopted as modified, 2012 WL 6522020 (S.D. Ga. Dec. 13, 2012) (liberally construing the complaint to request nominal damages because the plaintiff asked for "such other relief" to which he may be entitled). As Flowers is not entitled to any relief he seeks from Defendant Kelly, the claim against him is due to be dismissed.

Flowers also fails to state a claim against Warden Swain for his failure to train. The Department of Corrections may be liable under § 1983 for failing to train its employees if: (1) the Department of Corrections inadequately trains or supervises its employees; (2) this failure to train or supervise is a policy of the Department of Corrections; and (3) that policy causes the employees to violate a person's constitutional rights. See Gold v. City of Miami, 151 F.3d 1346, 1350 (11th Cir. 1998) (citing City of Canton v. Harris, 489 U.S. 378, 385 (1989)). Because a governmental entity will rarely have an express policy of inadequately training or supervising its employees, a plaintiff may prove such a policy by showing that the entity's failure to train or supervise evidenced a deliberate indifference to the rights of its citizens. Gold, 151 F.3d at 1350. "To establish a 'deliberate or conscious choice' or such 'deliberate indifference,' a plaintiff must present some evidence that the municipality knew of a need to train and/or supervise in a particular area and the municipality made a

11

deliberate choice not to take any action." Id. A claim about an isolated incident generally cannot sustain a claim for failure to train; rather, there must be evidence "of a history of widespread prior abuse" such that the Department of Corrections was "on notice of the need for improved training or supervision." Wright v. Sheppard, 919 F.2d 665, 674 (11th Cir. 1990); see also Popham v. City of Talladega, 908 F.2d 1561, 1564-65 (11th Cir.1990) (finding no liability for failure to train when no pattern of incidents put the city on notice of a need to train). Here, Flowers fails to adequately allege a failure to train claim against the Department of Corrections as a governmental entity because his allegations concern an isolated incident with no assertions supporting the type of persistent abuse that would put the Department on notice of a need to correct the error.

For all of these reasons, Flowers has failed to state any viable claim, and this case is due to be dismissed without prejudice to Flowers's right to refile his claims under 42 U.S.C. § 1983 with sufficient factual allegations to support a claim against a proper defendant if he elects to do so.

Alternatively, the Court finds the Complaint is subject to dismissal for Flowers's failure to disclose his litigation history. Failure to truthfully disclose litigation history warrants dismissal under the Prison Litigation Reform Act because such conduct "constitutes an abuse of the judicial process." Sears v. Haas, 509 F. App'x 935, 936 (11th Cir. 2013) (per curiam) (citing Attwood v.

Singletary, 105 F.3d 610, 613 (11th Cir. 1997) (per curiam)); see also Burrell v. Warden I, 857 F. App'x 624, 625 (11th Cir. 2021) (per curiam) (affirming the dismissal of a prisoner's complaint without prejudice as malicious under 28 U.S.C. § 1915(e)(2)(B)(i) for abuse of the judicial process where he omitted at least two prior civil cases from his complaint form). Dismissal is proper even if a prisoner's failure to disclose his litigation history was caused by a misunderstanding. See Jenkins v. Hutcheson, 708 F. App'x 647, 647–49 (11th Cir. 2018) (per curiam) (affirming the dismissal of a prisoner's complaint without prejudice under 28 U.S.C. § 1915 for the prisoner's "failure to fully disclose all of his prior lawsuits on the complaint form," even though there was no indication in the record that he omitted the cases intentionally); Redmon v. Lake Cnty. Sheriff's Office, 414 F. App'x 221, 225–26 (11th Cir. 2011) (per curiam) (affirming the dismissal of a prisoner's amended complaint without prejudice under 28 U.S.C. § 1915(e)(2)(B)(i) for abuse of the judicial process where the prisoner failed to disclose a prior lawsuit related to the conditions of his confinement, even though in response to the district court's order to show cause, he claimed he did not understand the complaint form). Additionally, Rule 11 of the Federal Rules of Civil Procedure permits a district court to impose sanctions on a party who knowingly files a pleading containing a false contention. See Fed. R. Civ. P. 11(b). While pro se litigants should be held to "less stringent standards" than those proceeding with lawyers, "a plaintiff's

pro se status will not excuse mistakes regarding procedural rules," Redmon, 414 F. App'x at 226 (citing McNeil v. United States, 508 U.S. 106, 113 (1993)).

In his Complaint, Flowers represents that he has not filed other lawsuits in state or federal court relating to the conditions of his confinement. Complaint at 9–10. However, a search of Plaintiff's litigation history reveals that he has filed other cases relating to the conditions of his confinement: (1) Flowers v. Goulds, et al., No. 5:18-cv-16/MCR/EMT (N.D. Fla. July 12, 2018) (alleging defendants violated his rights under the Eighth Amendment and deprived him of proper treatment, transfer, and protection based on his gender dysphoria); and (2) Flowers v. FNU Hernandez, et al., 8:21-cv-141-KKM-TGW (M.D. Fla. January 19, 2021) (alleging defendants deprived him proper medical care). The question on the Court's approved form regarding previous lawsuits is unambiguous. Regardless, even if the omission in the Complaint was unintentional, it would not prevent dismissal on this basis. See Jenkins, 708 F. App'x at 649. Therefore, in addition to his failure to state a claim, dismissal of this action without prejudice is also warranted based upon Flowers's misrepresentation of his litigation history which amounts to an abuse of the judicial process.

Further, the Court notes Flowers failed to sign his Complaint as required by the Federal Rules of Civil Procedure. Fed. R. Civ. P. 11(a) ("Every pleading . . . must be signed . . . by a party personally if the party is unrepresented.").

Generally, a court "must strike an unsigned paper unless the omission is promptly corrected after being called to the . . . party's attention." Id. However, the Court declines to issue an order for Flowers to correct this deficiency as dismissal without prejudice is appropriate for the above reasons.

Accordingly, it is

**ORDERED AND ADJUDGED:**

1.    This case is **DISMISSED without prejudice.**

2.    The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 9th day of June, 2025.

**MARCIA MORALES HOWARD**
United States District Judge

JaxP-12

C:    Antonio T. Flowers, #496287